UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>      Plaintiff,<br><br>  v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC,<br><br>      Defendant. | Case No. 1:20-cv-00588-DCN<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS (DKT. 5)** |

**INTRODUCTION**

Pending before the Court is a motion to compel arbitration and stay proceedings filed by Defendant. Dkt. 5. The parties have filed responsive briefing and the matter is ripe for the Court's review. Dkts. 9, 11. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record. For the reasons that follow, the Court will grant the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Raul Mendez, brings this action against Defendant Sony Computer Entertainment America, LLC ("Sony") alleging six claims: (1) violation of the Idaho Consumer Protection Act, Idaho Code § 48-601 *et seq*.; (2) fraud; (3) unjust enrichment; (4) breach of the implied covenant of good faith and fair dealing; (5) breach of implied

contract; and (6) intentional infliction of emotional distress. (Dkt. 1.) The claims arise from Mendez's allegations that Sony removed the majority of the digital content Mendez had purchased from the PlayStation store for use on his gaming devices.

Mendez states he set up an account with Sony's PlayStation™ Store to purchase digital content in August 2015. Dkt. 1, at ¶ 12. Mendez asserts that over the years he has purchased 580 digital games through the PlayStation™ Store for his Sony handheld PSP and PS Vita gaming consoles.[1] October 18, 2020, Mendez alleges he logged into his account and noticed that his devices were removed along with the majority of his purchased digital content. Dkt. 1, at ¶ 17.[2]

Mendez alleges that between October and December 2020, he sent Sony an email and certified letter, as well as contacting Sony's chat support to request that Sony restore his purchased digital content and provided invoices for all of his purchased items from the PlayStation™ Store. Dkt. 1, at ¶¶ 17-26; (Dkt. 9-1, at ¶¶ 4-8. Mendez contends that Sony either did not respond or refused to satisfy his requests. As a result, on December 28, 2020, Mendez filed this action *pro se* against Sony seeking monetary and other specific relief. Dkt. 1.

On February 1, 2021, Sony responded by filing the present motion to compel arbitration and to stay proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. § 3

---

[1] A Sony PSP is a "PlayStation Portable" and a Sony PS Vita is a "PlayStation Vita." Both are portable, handheld gaming devices.

[2] Mendez's later filed Declaration states he logged into his account on October 15, 2020. Dkt. 9-1, at ¶ 4. This minor factual discrepancy does not alter the substance of the parties' arguments or the Court's ruling herein.

MEMORANDUM DECISION AND ORDER - 2

and § 4. Dkt. 5. The Court finds as follows.

## STANDARD OF LAW

The Federal Arbitration Act (FAA) provides that "any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable' and permits a party 'aggrieved by the alleged ... refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. §§ 2 and 4). Accordingly, the Court's role under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). The party seeking to compel arbitration has the burden of proving each requirement. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). If the Court answers yes to each of the above questions, the FAA requires that the Court enforce the arbitration agreement in accordance with its terms. *Id*.

When evaluating "the validity of an arbitration agreement, federal courts should apply ordinary state-law principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003). If the court is "satisfied that the making of the arbitration agreement or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "[A]ny doubts concerning the scope of arbitral issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Where the court "determines

MEMORANDUM DECISION AND ORDER - 3

that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to arbitration." *Hoekman v. Tamko Bldg. Prod., Inc.*, No. 2-14-CV-01581-TLN-KJN, 2015 WL 9591471, at *2 (E.D. Cal. Aug. 26, 2015).

## ANALYSIS

On this motion, Sony argues Mendez assented to the PlayStation™ Network Terms of Service and User Agreement ("PSN ToSUA"), which contains a mandatory arbitration provision. Sony further contends Mendez's claims, including disputes regarding the validity, enforceability, or scope of the arbitration provision, are delegated to the arbitrator under the terms of the PSN ToSUA. Dkt. 5, at 3. Mendez opposes the motion, asserting the California choice of law provision should not apply because he is a *pro se* litigant; the arbitration provision is invalid because it is not mutually binding; Sony breached the contract; and that Sony waived its right to compel arbitration. Dkt. 9.

1.    **The Relevant Provisions of the PSN ToSUA**

The PSN ToSUA in effect in August 2015 contained a binding arbitration clause:

> NOTE: THIS AGREEMENT CONTAINS A BINDING INDIVIDUAL ARBITRATION AND CLASS ACTION WAIVER PROVISION IN "BINDING INDIVIDUAL ARBITRATION" SECTION THAT AFFECTS YOUR RIGHTS UNDER THIS AGREEMENT WITH RESPECT TO ANY "DISPUTE" (AS DEFINED BELOW) BETWEEN YOU AND SNEI, SONY COMPUTER ENTERTAINMENT INC., SONY COMPUTER ENTERTAINMENT AMERICA LLC, THEIR AFFILIATES, PARENTS OR SUBSIDIARIES (COLLECTIVELY, "SONY ENTITIES"). YOU HAVE A RIGHT TO OPT OUT OF THE BINDING ARBITRATION AND CLASS ACTION WAIVER PROVISIONS AS DESCRIBED IN "BINDING INDIVIDUAL ARBITRATION" SECTION.

Dkt. 5-1, Dec. Ryan King, Ex. 1, at 1. The August 2015 PSN ToSUA further provided as follows concerning modifications of the terms of the agreement:

> SNEI, at its sole discretion, may modify the terms of this Agreement at any time…. By accepting this Agreement or by accessing PSN First Party Services, you agree to be bound by all current terms of the Agreement…. If material changes to this Agreement are made, you will be notified by e-mail or other communication when you sign in to PSN First Party Services. If necessary, you will be given additional choices regarding such change(s). Your continued use of PSN First Party Services…will signify your acceptance of these changes. If you do not accept material changes to the Agreement, contact us to terminate this Agreement and your account(s).

Dkt. 5-1, Dec. King, Ex. 1, at 18.

The PSN ToSUA was modified effective October 2020 and now contains the following arbitration provisions:

> 1.2. PLEASE CAREFULLY READ THE BINDING ARBITRATION CLAUSE AND CLASS ACTION WAIVER IN SECTION 14. IT AFFECTS HOW DISPUTES ARE RESOLVED BETWEEN YOU AND [SONY] (AND ITS CURRENT OR FORMER AFFILIATES, PARENTS, OR SUBSIDIARIES), AND INFORMS YOU OF YOUR OPT-OUT RIGHTS.
>
> BINDING INDIVIDUAL ARBITRATION
> 14.1. Purpose. The term "Dispute" means any dispute, claim, or controversy between you and [Sony] regarding PSN or PSN Content, or the use of any PlayStation Devices or other devices sold by [Sony] to access PSN Content, whether based in contract, statute, regulation, ordinance, tort (including fraud, misrepresentation, fraudulent inducement, or negligence), or any other legal or equitable theory, and includes the validity, enforceability or scope of this "BINDING INDIVIDUAL ARBITRATION" section (with the exception of the enforceability of the Class Action Waiver clause below). "Dispute" is to be given the broadest possible meaning that will be enforced. If you have a Dispute with [Sony]…that cannot be resolved through negotiation within the time frame described in the "Notice of Dispute" clause below, you and [Sony] that you have a Dispute with agree to seek resolution of the Dispute only through arbitration of that Dispute in accordance with the terms of this section, and not litigate any Dispute in court, except for those matters listed in the Exclusions from Arbitration clause. Arbitration means that the Dispute will be resolved by a neutral arbitrator instead of in a court by a judge or jury.

MEMORANDUM DECISION AND ORDER - 5

14.2. Exclusions from Arbitration. YOU AND THE SONY ENTITIES AGREE THAT ANY CLAIM FILED BY YOU OR BY A SONY ENTITY IN SMALL CLAIMS COURT ARE NOT SUBJECT TO THE ARBITRATION TERMS CONTAINED IN THIS SECTION.

14.3. Opt-Out Right. YOU HAVE THE RIGHT TO OPT OUT OF BINDING ARBITRATION AND CLASS ACTION WAIVER WITHIN 30 DAYS. IF YOU DO NOT WISH TO BE BOUND BY THE BINDING ARBITRATION AND CLASS ACTION WAIVER IN THIS SECTION, YOU MUST NOTIFY US IN WRITING WITHIN 30 DAYS OF THE DATE THAT YOU ACCEPT THIS AGREEMENT UNLESS A LONGER PERIOD IS REQUIRED BY APPLICABLE LAW. YOUR WRITTEN NOTIFICATION MUST BE MAILED TO 6080 CENTER DRIVE, 10TH FLOOR, LOS ANGELES, CA 90045, ATTN: LEGAL DEPARTMENT/ARBITRATION AND MUST INCLUDE: (1) YOUR NAME, (2) YOUR ADDRESS, (3) YOUR PSN SERVICES ONLINE ID, IF YOU HAVE ONE, AND (4) A CLEAR STATEMENT THAT YOU DO NOT WISH TO RESOLVE DISPUTES WITH ANY SONY ENTITY THROUGH ARBITRATION.

Dkt. 5-1, Dec. King, Ex. 2.

**2.      Mendez Agreed to the Arbitration Provisions in the PSN ToSUA**

Mendez assented to the PSN ToSUA when he "set up" his PlayStation™ Network (PSN) account in August 2015, and by thereafter purchasing digital content through the PlayStation™ Store. Dkt. 1, at ¶¶ 12, 32, 45; Dkt. 5-1, Dec. King at ¶¶ 3-6. A PSN account is required to purchase digital content from the PlayStation™ Store. Dkt. 5-1, Dec. King at ¶ 5. When creating a PSN account, consumers are required to accept the terms of the PSN ToSUA before being able to access the PSN or make any purchases from the PlayStation™ Store. Both versions of the PSN ToSUA contain the arbitration provisions quoted above. Dkt. 5-1, Ex. 1, 2.

Mendez does not contest that he accepted the terms of either version of the PSN ToSUA when he created, accessed, and used his PSN account during the relevant time

periods to purchase digital content from the PlayStation™ Store. Dkt. 1, 9, 9-1. Indeed, Mendez's allegations in the complaint contend as much. Dkt. 1, at ¶¶ 12, 32, 45; Dkt. 5-1, Dec. King at ¶¶ 3-6. Further, Mendez has not alleged nor is there any record showing that Mendez opted out of the arbitration provision contained in either the August 2015 or October 2020 versions of the PSN ToSUA. Dkt. 1, 9, 5-1. Accordingly, Mendez has agreed to the terms of the PSN ToSUA, including the arbitration provision.

**3.     The Delegation Provision**

The determination of (1) whether a valid agreement to arbitrate exists and (2) whether the agreement encompasses the dispute at issue, "can be expressly delegated to the arbitrator where the parties clearly and unmistakably provide otherwise." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). The Supreme Court has "recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr. West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract."); *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) ("[L]anguage delegating to the arbitrators the authority to determine the validity or application of any of the provisions of the arbitration clause[ ] constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement.").

Here, the arbitration agreement contains the following language: "'Dispute' means any dispute, claim, or controversy between you and Sony …. regarding PSN or PSN

Content, or the use of any PlayStation Devices or other devices sold by a Sony Entity to access PSN Content, whether based in contract, statute, regulation, ordinance, tort…, or any other legal or equitable theory, and includes the validity, enforceability or scope of this 'BINDING INDIVIDUAL ARBITRATION' section." Dkt. 5-1, Ex. 2, at § 14.1. The arbitration provision further states:

> If you have a Dispute with [Sony]…, you and [Sony] agree to seek resolution of the Dispute only through arbitration of that Dispute in accordance with the terms of this section, and not litigate any Dispute in court, except for those matters listed in the Exclusions from Arbitration clause. Arbitration means that the Dispute will be resolved by a neutral arbitrator instead of in a court by a judge or jury.

Dkt. 5-1, Ex. 2, at § 14.1.

This type of language constitutes a valid delegation provision by "clearly and unmistakably" delegating the arbitrability determination to the arbitrator. *See e.g.*, *Rent-A-Ctr.*, 561 U.S. at 66, 72–74; *Mohamed*, 848 F.3d at 1208–09; *Riley v. Medline Industries, Inc.*, No. 2:18-CV-2626-TLN-EFB, 2020 WL 5944445, at *2 (E.D. Cal. Oct. 7, 2020). The Court will therefore grant Sony's motion to compel and direct the parties to proceed with arbitration in accordance with the terms of the PSN ToSUA.

Importantly, where, as here, the plaintiff fails to challenge the delegation provision, the Court need not consider arguments that are not "specific to the delegation provision." *Rent-A-Ctr.*, 561 U.S. at 72–73 ("unless [the plaintiff] challenged the delegation provision specifically, we must treat it as valid …. leaving any challenge to the validity of the Agreement as a whole for the arbitrator"); *see also Brennan*, 796 F.3d at 1133 (affirming district court's dismissal in favor of arbitration because the plaintiff failed to make any

arguments specific to the delegation provision embedded within an arbitration agreement).

Mendez's response brief fails to rebut or otherwise address Sony's argument that the arbitrator must decide any challenge to the enforceability of the PSN ToSUA. *See Rent-A-Ctr.*, 561 U.S. at 73. Indeed, Mendez does not mention the delegation provision at all in his opposition. *See generally* Dkt. 9. Mendez instead asserts that the choice of law provision is unenforceable; that the arbitration provision is invalid; that Sony breached the contract; and that Sony waived its right to force arbitration. *Id.* These arguments are unavailing in the face of the delegation provision and otherwise without merit. To the extent any of Mendez's arguments could be construed as challenging the delegation provision, however, the Court will address the arguments below.

4. **Mendez's Arguments**

   A. **Choice of Law Provision**

Mendez's argument that the California choice of law provision is unenforceable because he is a *pro se* litigant is irrelevant to the issue presented on this motion—whether the arbitration provision is binding. As determined above, Mendez agreed to the terms of the PSN ToSUA, including the arbitration provision. Neither Mendez's *pro se* status nor the general principle that *pro se* filings are liberally construed are defenses to his agreement to the binding arbitration clause of the contract.

   B. **Bilateral Arbitration**

Mendez argues the arbitration provision contained in § 14.1 of the PSN ToSUA is invalid because it is only binding on customers, but not on Sony who, Mendez contends, is able to pursue legal action against customers under § 12.6. *Id.* This argument appears to

MEMORANDUM DECISION AND ORDER - 9

be contrary to the plain language of § 14.1 of the PSN ToSUA. *See* Dkt. 5-1, Ex. 2, at § 14.1 ("If you have a dispute with [Sony]…., you *and* [Sony] …. agree to seek resolution of the Dispute only through arbitration….") (emphasis added). Regardless, this argument goes to the validity and enforceability of the arbitration provision which, again, has been delegated to the arbitrator.

### C. Breach of Contract

Mendez's arguments going to the merits of his breach of contract claims are also not relevant to the issue presented on this motion concerning binding arbitration. *See Henry Schein, Inc.*, 139 S. Ct. at 529 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract"). Mendez's contentions regarding Sony's email notice announcing the changes to the desktop and mobile versions of the PlayStation™ Store beginning October 21, 2020 and Sony's alleged improper removal and failure to restore Mendez's purchased digital content, are all arguments pertaining to the substance of Mendez's contract-based claims. Dkt. 1, at ¶ 16; Dkt. 9-1, at ¶ 3, Ex. 2 (Stating Sony's email notification of changes to the PlayStation™ Store "clearly indicates that the changes would have no impact to digital content already purchased by consumers, and 'you will still be able to access all of your previously purchased PS3, PSP or PS Vita content as before'"). Those arguments do not concern the validity of the arbitration provision or otherwise demonstrate Mendez did not assent to the binding arbitration provision in the PSN ToSUA.

### D. Waiver

Mendez's suggestion that Sony nullified or waived its rights under the PSN ToSUA by merely requesting a stipulation for additional time to respond to the complaint, is without merit. Dkt. 9, at 6; Dkt. 9-1, at ¶ 10, Ex. 6. Indeed, Sony's filing of the present motion to compel arbitration at its first opportunity in this matter is indicative of a conscious decision to pursue and enforce its right to arbitrate. Dkt. 5; *see Newirth by and through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 941 (9th Cir. 2019) (discussing the factors for determining whether a party has waived the right to compel arbitration).

5.   **Conclusion**

Based on the foregoing, the Court will grant Sony's motion to compel arbitration. The Court will further grant Sony's request to stay proceedings between Sony and Mendez pending a decision by the arbitrator. *See* 9 U.S.C. § 3 (providing for a stay of proceedings pending arbitration). The parties are directed to file a joint notice concerning the status of the case and how they intend to proceed within seven (7) days of the completion of the arbitration proceedings.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Compel Arbitration and Stay Proceedings (Dkt. 5) is **GRANTED** as follows:

1.   This matter is **HEREBY STAYED** pending completion of arbitration proceedings in accordance with the terms of the agreement discussed herein.

MEMORANDUM DECISION AND ORDER - 11

2. The parties are directed to file a joint notice concerning the status of the case and how they intend to proceed within seven (7) days of the completion of the arbitration proceedings.

DATED: June 16, 2021

David C. Nye
Chief U.S. District Court Judge