UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>　　Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC,<br><br>　　Defendant. | Case No. 1:20-cv-00588-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Raul Mendez's Motion to Lift Stay and for Case to Proceed in District Court ("Motion to Lift Stay"). Dkt. 19. Pending as well is Plaintiff's Motion to Receive Court Filings via US Mail ("Motion to Receive Filings"). Dkt. 16. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES the Motion to Lift Stay and GRANTS the Motion to Receive Filings.

## II. BACKGROUND

Plaintiff, Raul Mendez, brings this action against Defendant Sony Computer Entertainment America, LLC ("Sony") alleging six claims: (1) violation of the Idaho Consumer Protection Act, Idaho Code § 48-601 et seq.; (2) fraud; (3) unjust enrichment; (4) breach of the implied covenant of good faith and fair dealing; (5) breach of implied contract; and (6) intentional infliction of emotional distress. Dkt. 1 The claims arise from Mendez's allegations that Sony removed the majority of the digital content Mendez had purchased from the PlayStation store for use on his gaming devices. Mendez claims that Sony has not restored the content after Mendez reached out to them. Consequently, Mendez filed this action pro se against Sony seeking monetary and other specific relief. Dkt. 1.

On February 1, 2021, Sony filed a motion to compel arbitration and to stay proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. The Court granted Sony's motion. Dkt. 17. Mendez filed the instant Motion to Lift Stay on September 14, 2021, claiming that Sony had waived its right to arbitration by refusing to arbitrate, and stated Sony had broken Rule 11 by moving for arbitration "knowing they never intended to proceed with it." Dkt. 19, at 2.

## III. LEGAL STANDARD

The power to issue a stay "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).

In imposing or lifting a stay, courts weigh the "hardship or inequity" to the parties and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

## IV. DISCUSSION

### A. Motion to Receive Filings (Dkt. 16)

Mendez filed a Motion to Receive Filings. Dkt. 16. Mendez, a pro se party, claims he does not have home internet. Sony does not oppose Mendez's motion. Therefore, to ensure Mendez's access to justice, the Court will GRANT Mendez's Motion to Receive Filings (Dkt. 16) and will make sure all court filings are sent as a paper copy via mail.

### B. Motion to Lift Stay (Dkt. 19)

Mendez also filed a Motion to Lift Stay, claiming that "[a]ttorneys for Sony have indicated that no Arbitration will be taking place months after the district court granted their Motion to Compel and Stay Proceedings." Dkt. 19, at 1. Sony disagreed, claiming that the Court cannot lift the stay because arbitration has not commenced and because Mendez must be the party to commence arbitration proceedings. Dkt. 20, at 2.

The Court had previously stayed litigation and compelled arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. Dkt. 17, at 11. Section 3 of the FAA states that the stay should remain in place "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Contrary to Sony's claims, the Court does have the power to lift the stay, as explained above in Section III. The FAA also acknowledges that a court can lift a previously-ordered stay. 9 U.S.C. § 4. Here, however, Mendez has

not adequately shown that Sony has refused to arbitrate. Rather, Sony is claiming that they have no duty to *initiate* arbitration, and that Mendez himself must commence arbitration proceedings. Dkt. 20, at 3.

Mendez signed a Playstation™ Network Terms of Service and User Agreement with Sony ("PSN ToSUA"). The 2015 version of the PSN ToSUA that Mendez signed, as well as the current version of the PSN ToSUA, state "For claims of less than $75,000, the AAA's Supplementary Procedures for Consumer-Related Disputes ("Supplementary Procedures") shall apply including the schedule of arbitration fees set forth in Section C-8 of the Supplementary Procedures . . . ." Dkt. 5-1, at 22, 49.

Although neither party produced the Supplementary Procedures with the Court, Section C-2 of the Supplementary Procedures online state:

> (a) The filing party (the "claimant") must notify the other party (the "respondent"), in writing, that it wishes to arbitrate a dispute. This notification is referred to as the "demand" for arbitration. The demand should:
> - briefly explain the dispute,
> - list the names and addresses of the consumer and the business,
> - specify the amount of money involved,
> - state what the claimant wants.
> 
> The claimant must also send two copies of the demand to the AAA at the time it sends the demand to the respondent. When sending a demand to the AAA, the claimant must attach a copy of the arbitration agreement from the consumer contract with the business. The claimant must also send the appropriate administrative fees and deposits. A fee schedule can be found in Section C-8 at the end of this Supplement.
> (b) The AAA shall confirm receipt of the demand to the parties.
> (c) The respondent may answer the demand and may also file a counterclaim. The answer must be sent to the AAA within ten calendar days after the AAA acknowledges receipt of claimant's demand. The answer must:
> - be in writing,
> - be sent, in duplicate, to the AAA,

MEMORANDUM DECISION AND ORDER - 4

- be sent to the claimant at the same time.
- If the respondent has a counterclaim, it must state the nature of the counterclaim, the amount involved, and the remedy sought.

(d) If no answer is filed within the stated time, the AAA will assume that the respondent denies the claim.

(e) The respondent must also send the appropriate administrative fees and deposits. A fee schedule can be found in Section C-8 at the end of this Supplement. Payment is due ten calendar days after the AAA acknowledges receipt of claimant's demand.[1]

AMERICAN ARBITRATION ASSOCIATION, CONSUMER-RELATED DISPUTES, SUPPLEMENTARY PROCEDURES 8 (Rules Effective Sept. 15, 2005). It is clear from this language that Mendez does indeed have the responsibility to initiate arbitration. He also will bear the cost of his own fees, as explained in the Supplementary Procedures.

Within his Motion to Lift Stay, Mendez stated that Sony had "filed a paper with the Court for improper purpose," which violated Federal Rule of Civil Procedure 11. Dkt. 19, at 2. Mendez clarified in his Reply that he "is not filing for sanctions but merely pointing out the obvious bad faith conduct by Sony." Dkt. 21, at 3. As Mendez is not filing for sanctions, the Court will not rule on whether Sony is acting in bad faith, and disregard Mendez's citation to Rule 11.

However, the Court understands Mendez's frustration. It would be vexing for a pro se litigant to have an opposing party file a motion for a stay and then be told that the onus is on the pro se party to initiate arbitration, without receiving a corresponding explanation

---

[1] The full Supplementary Procedures can be found at https://www.adr.org/sites/default/files/Consumer-Related%20Disputes%20Supplementary%20Procedures%20Sep%2015%2C%202005.pdf. The main website for the American Arbitration Association, www.adr.org, and the JAMS website, www.jamsadr.com, also have useful information on how to initiate arbitration.

MEMORANDUM DECISION AND ORDER - 5

of why that burden is on the pro se party. It would be even more frustrating to not receive adequate guidance of how to initiate arbitration from the opposing party which has infinitely more resources, skill, and expertise, and indeed set the terms of the arbitration agreement. As such, it would be wise for Sony to reach out to Mendez and more thoroughly explain the procedures necessary to commence arbitration.

Now, this does not mean that Sony is under an obligation to commence arbitration, nor that they are required to pay Mendez's arbitration fees. Sony is not. Mendez bears the responsibility to commence arbitration and to pay his own fees. However, as Sony has expressed a solicitous interest in the "judicial economy" of this Court (Dkt. 20, at 3), the Court directs Sony to provide Mendez with further detailed instructions on how to commence arbitration.

## V. ORDER

The Court HEREBY ORDERS:

1. Mendez's Motion to Receive Filings (Dkt. 14) is GRANTED.
2. Mendez's Motion to Lift Stay (Dkt. 19) is DENIED.

DATED: December 1, 2021

David C. Nye
Chief U.S. District Court Judge