UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>         Plaintiff,<br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC,<br><br>         Defendant. | Case No. 1:20-cv-00588-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Raul Mendez's Motion for Reconsideration. Dkt. 24. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

Plaintiff, Raul Mendez, brings this action against Defendant Sony Computer Entertainment America, LLC ("Sony") alleging six claims: (1) violation of the Idaho Consumer Protection Act, Idaho Code § 48-601 et seq.; (2) fraud; (3) unjust enrichment; (4) breach of the implied covenant of good faith and fair dealing; (5) breach of implied contract; and (6) intentional infliction of emotional distress. Dkt. 1. The claims arise from

Mendez's allegations that Sony removed the majority of the digital content Mendez had purchased from the PlayStation store for use on his gaming devices—580 games, to be precise. *Id*. at 10. Mendez claims that Sony has not restored the content after he reached out to them. Consequently, Mendez filed this action pro se against Sony seeking monetary relief totaling $10 million, and other specific relief. Dkt. 1. Mendez claims that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, alleging that the amount of money in question exceeds $75,000. *Id*. at 2.

On February 1, 2021, Sony filed a motion to compel arbitration and to stay proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. The Court granted Sony's motion. Dkt. 17. Three months later, Mendez filed a Motion to Lift the Stay, claiming that Sony had not initiated arbitration as it was supposed to. Dkt. 19, at 1–2. Mendez also claimed to be unable to afford the cost of arbitration and argued that Sony should be responsible for the costs or waive its right to arbitrate. Dkt. 21, at 2. The Court denied Mendez's Motion, explaining that Mendez did have the responsibility to initiate arbitration and bear his own costs. Dkt. 22, at 5. The Court also directed Sony to provide Mendez with instructions on how to initiate arbitration. *Id*. at 6.

Shortly thereafter, Mendez filed his Motion for Reconsideration. Dkt. 24.

### III. LEGAL STANDARD

It is true that "neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to

MEMORANDUM DECISION AND ORDER - 2

alter or amend under Federal Rule of Civil Procedure 59(e)." *Id*. (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted) "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc.*, 229 F.3d at 883).

In addition to relying on Rule 59(e), Mendez also cited to Rule 54(b) as the basis for his request. Rule 54(b) allows an order to be revised at any time under the Court's inherent authority. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). When determining the merits of a request to reconsider an interlocutory order, both this Court and district courts throughout the Ninth Circuit are frequently guided by substantially the same standards as those used to reconsider final orders pursuant to Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Accordingly, the standard applied is the same regardless of whether the underlying authority is Rule 54(b) or Rule 59(e). Furthermore, regardless of the rule under which they are brought, "motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

### IV. DISCUSSION

Mendez argues that the Court should grant his motion to correct a manifest injustice because he cannot afford arbitration, a fact that is "obvious" because he is appearing pro se. Dkt. 24, at 1. Mendez also claims that it is a manifest injustice "that over a year has gone by without Mendez having access to any forum for resolution of his claims." Dkt. 24, at 2–3.

It is true that Mendez is appearing pro se. However, this is not sufficient proof of his indigency. Indeed, Mendez paid the filing fee to bring this case. Dkt. 1, at 1. What's

more, Mendez has not submitted any affidavit or financial statements detailing his indigency. All that is beside the point, however, because *he can obtain a fee waiver to conduct arbitration from both the AAA and JAMS*, the two arbitration organizations that Mendez could choose from to arbitrate his claims. Dkt. 27, 93–95. To be clear, the Court is *not* commanding either arbitration organization that it must grant a fee waiver. That is within the purview of the respective organizations. However, the fact that Mendez can receive a fee waiver (and essentially represent himself pro se in arbitration) takes all the wind out of his first argument's sails.

     Mendez is also correct that over a year has gone by since he filed his complaint in this case. However, this is not a manifest injustice for several reasons. The first five and a half months of this proceeding dealt with Sony's Motion to Compel Arbitration and Stay Proceedings. *See* Dkt. 5. Instead of proceeding to arbitration when Sony's motion was granted, Mendez petitioned the Ninth Circuit for a writ of mandamus. Dkt. 18. Mendez subsequently filed a Motion to Lift the Stay. Dkt. 19. Mendez then filed a Motion for Extension of Time to File for Reconsideration (Dkt 23) and the instant Motion for Reconsideration (Dkt. 24). As such, even with the stay in place, Mendez has still been actively pursuing his case in this forum. What's more, Mendez has had the opportunity *for the last year* to arbitrate his grievances but has not initiated that process yet. As such, any delays in Mendez's claim being resolved are either of his own doing or are part of the typical timeline for a civil case in a federal district court.

     Mendez also argues that the material breach of contract voids the Playstation™ Network Terms of Service and User Agreement ("PSN ToSUA") he had with Sony, and

that the Court, not arbiters, have the power to reform an unconscionable agreement. However, neither of these arguments convince the Court that its previous holding (Dkt. 17, at 9) is in clear error. Mendez does explain a party's duty to fulfill its obligations, but offers no case law regarding whether a breach of a contractual provision invalidates the arbitration agreement. The arbiters' role is not to reform the PSN ToSUA, but to help Mendez and Sony achieve an equitable outcome for their disagreement. This can be done without reforming the agreement.

Mendez does not present any newly discovered, or previously unavailable, evidence because he lists no new facts. Mendez also does not justify his request for reconsideration by pointing to an intervening change in controlling law because all his cited cases were decided before this case began.

Accordingly, Mendez has failed to reach the high standard necessary for the Court to amend its holding and DENIES his Motion for Reconsideration.

## V. ORDER

The Court HEREBY ORDERS:

1. Mendez's Motion for Reconsideration (Dkt. 14) is DENIED.

DATED: June 15, 2022

David C. Nye
Chief U.S. District Court Judge