UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC,<br><br>    Defendant. | Case No. 1:20-cv-00588-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On May 5, 2023, the Court ordered Plaintiff Raul Mendez to show cause why his conduct did not violate Federal Rule of Civil Procedure 11. Dkt. 41. The time for such a showing has now passed, and Mendez has failed to explain why he should not be sanctioned. The Court now levies sanctions pursuant to Rule 11 and its prior order.

## II. BACKGROUND

Mendez is a serial plaintiff before this Court. *See Mendez v. City of Boise*, 2022 WL 834646 at *3–9 (D. Idaho Mar. 21, 2022) (recounting Mendez's history of litigation in this district and warning that he could be declared a vexatious litigant if he does not follow the Court's rules and orders). On June 16, 2021, the Court ordered Mendez to pursue his claims in this case through arbitration and stayed the case pending an arbitral resolution. Dkt. 17. Mendez ignored the order. Instead, he filed a writ of mandamus, which the Ninth Circuit denied (Dkt. 18), a Motion for Reconsideration (Dkt. 24), which the Court denied (Dkt.

MEMORANDUM DECISION AND ORDER – 1

29), an appeal (Dkt. 30), which the Ninth Circuit dismissed for lack of jurisdiction (Dkt. 33), and two more motions to lift the stay (Dkts. 34, 40), which the Court also denied (Dkts. 39, 41).

In his second motion to lift the stay, Mendez said he "has nothing to lose by filing more requests." Dkt. 34, at 3. The Court warned him against this approach: "[t]hese repetitive motions may be trivial for Mendez, but they consume the time and resources of the opposing party and the Court." Dkt. 39, at 1–2. It continued, "[b]ecause motions of this type will not change the Court's decision, and because they consume limited judicial resources, the Court will sanction Mendez if he files another." *Id*. at 2. In a footnote, the Court expressed concern about Mendez's longstanding practice of making frivolous filings and repetitive requests. *Id*. at 2 n.1. "This," said the Court, "is his final warning." *Id*. The Court mailed this order to Mendez at his address. *See* Dkt. 39 Docket Entry.

On April 4, 2023, Mendez filed a Third Motion to Lift the Stay, which largely reproduced his prior briefing word-for-word. Dkt. 40. The Court accordingly ordered Mendez to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11 for filing vexatious and repetitive motions. Dkt. 41. The order provided that, if Mendez failed to show cause within thirty days, this case would be dismissed with prejudice, and he would be required to pay a penalty of $200. *Id*. at 5.[1] Thirty days have now passed, and Mendez has filed nothing except a motion to extend the deadline for

---

[1] Mendez cannot claim that he expected a hearing at which he could make his argument against sanctions because the Order (Dkt. 41) specifically states "Pursuant to Fed. R. Civ. P. 11(c)(3), Mendez must file a document with the Court showing cause why the conduct described in this Order has not violated Rule 11(b)(1)." Dkt 31, p. 5.

MEMORANDUM DECISION AND ORDER – 2

appeal (Dkt. 42), which the Court denied (Dkt. 43). In the order denying Mendez's extension, the Court gave him an additional seven days to show cause. Those seven days have also passed without any showing from Mendez.

### III. LEGAL STANDARD

"[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). This rule provides that courts may sanction parties who file vexatious and repetitive motions. Fed. R. Civ. P. 11.

Those who litigate in federal court—including pro se plaintiffs—must sign every pleading, written motion, and other paper they file. Fed. R. Civ. P. 11(a). By signing these papers, a person certifies that, to the best of his knowledge, his filings are not "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). "On its own, the court may order a[] . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on the . . . party that violated the rule." Fed. R. Civ. P. 11(c)(1). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives" and "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4).

### IV. ANALYSIS

Sanctions are appropriate when a party has made a filing for an improper purpose, such as to "harass, cause unnecessary delay, or needlessly increase the cost of litigation."

MEMORANDUM DECISION AND ORDER – 3

Fed. R. Civ. P. 11(b)(1). Here, the Court made Mendez aware that he was not to file any more repetitive motions to lift the stay. It explained that these motions would not change the Court's decision and that they unfairly consumed the resources of the Court and the opposing party. Despite this warning, Mendez filed another motion that served no purpose other than to reiterate arguments addressed long ago. Mendez acknowledged as much, announcing that two thirds of the motion was copied and pasted from his reply filed on December 27, 2022. *See* Dkt. 40, at 2 ("... Mendez will copy/paste the 12/27/2023 [sic] Reply that provides the main arguments.").

The Court finds that this third motion to lift the stay, which was expressly repetitive and frivolous, violated Rule 11. It served no purpose other than to harass, cause unnecessary delay, and needlessly increase the cost of litigation. Mendez cannot escape the order compelling arbitration by snowing the Court under with frivolous motions to reconsider. By persistently and intentionally wasting the Court's time and the opposing party's resources, Mendez has acted in bad faith. The Court finds that sanctions are necessary to deter such bad faith conduct and preserve the integrity of its rulings.

Mendez's motion to extend the deadline for appeal makes no explicit argument why he should not be sanctioned. He alleges, however, that he has not been receiving the Court's orders through the mail. The Court has already addressed this argument. *See* Dkt. 43, at 4 ("[Mendez] claims not to have received prior orders, but the record shows that all relevant records were physically mailed to him."). Early on in this case, the Court ordered that Mendez receive physical copies of all orders through the mail. *See* Dkt. 22. Since then, the docketing clerks have physically mailed every subsequent order to Mendez at the address

he gave the Court. *See, e.g.*, Dkts. 25, 29, 39, 41, 43 ("caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing"). For this reason—and because Mendez has conceded as much via informal communications with the Court (*see* Dkt. 43, at 3)—the Court finds that Mendez has had enough notice of all relevant orders to conduct himself in harmony with them.

Because Mendez has failed to show cause, the Court will levy sanctions by dismissing this case and requiring Mendez to pay a $200 penalty. The Court has carefully tailored these sanctions to be no more harsh than necessary to deter repetition of the inappropriate conduct. *See, e.g., Schutts v. Bentley Nevada Corp.*, 966 F. Supp. 1549, 1561 (D. Nev. 1997) ("Rule 11' s goal of deterring future litigation abuses will . . . be attained only by imposing an additional penalty designed to vindicate the court's own interest in the efficiency and validity of its own processes"); *Lee v. Delta Air Lines Inc.*, 2022 WL 2093852, at *6 (C.D. Cal. Mar. 8, 2022) ("[C]ontinued sanctionable conduct or violations of Rule 11 . . . may result in monetary or terminating sanctions.").

## V. CONCLUSION

The Court finds that Mendez has violated Rule 11 and failed to show cause why he should not be sanctioned under it. The Court accordingly levies the sanctions that it set out in its prior show cause order. Dkt. 41.

## VI. ORDER

IT IS HEREBY ORDERED:

1. This case is **DISMISSED** with **PREJUDICE**.

MEMORANDUM DECISION AND ORDER – 5

2. Mendez must submit a $200 penalty to the Clerk of the Court no later than **August 22, 2023**.

DATED: July 3, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 6